UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LASHAWN L. TURNER-BEY,<br><br>        Plaintiff,<br><br>    v.<br><br>MCCOY, et al.,<br><br>        Defendants. | Case No.: 2:26-cv-01885-JAD-NJK<br><br>**ORDER** |

On June 23, 2026, *pro se* plaintiff Lashawn L. Turner-Bey, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983. Docket No. 1-1. Plaintiff has neither paid the $405 filing fee for this matter nor filed an application to proceed *in forma pauperis*. *See* Docket No. 1.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

The Court also notes a possible exhaustion issue. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, if it later comes to light that the plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case. *Id.* at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims). The plaintiff must exhaust his or her claims before filing a lawsuit and cannot finish the exhaustion process during the case. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

The events alleged in the complaint took place starting June 6, 2026, and the complaint is dated June 23, 2026. It is not clear whether Plaintiff could have exhausted his administrative remedies in this timeframe. The Court will not address the exhaustion issue at this time, but if Plaintiff believes that he needs to finish exhausting his administrative remedies, he may choose to file a notice of voluntary dismissal without prejudice[1] by **July 26, 2026**. The Court notes that if Plaintiff chooses to proceed with this case, he will be required to pay the full $405 filing fee, which includes the $350 filing fee and $55 administrative fee, even if the Court later dismisses this case.

Accordingly, for the reasons stated above,

IT IS ORDERED that, no later than July 26, 2026, Plaintiff must either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* on this court's approved form for inmates in NDOC custody.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this

---

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his administrative remedies.

action will be subject to dismissal without prejudice.  A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

IT IS FURTHER ORDERED that if Plaintiff believes that he needs to finish exhausting his administrative remedies, he may file a notice of voluntary dismissal without prejudice by **July 26, 2026**.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Lashawn L. Turner-Bey the approved form application to proceed *in forma pauperis* by an inmate in NDOC custody and instructions for the same. and retain the complaint, Docket No. 1-1, but not file it at this time.

IT IS SO ORDERED.

DATED:   June 26, 2026.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3